IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CABRAL, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 02-cv-2806 |
| | : | |
| THE PHILADELPHIA | : | |
| COCA-COLA BOTTLING COMPANY, | : | |
| | : | |
| Defendant. | : | |

## **DECLARATION OF DAVID J. WOOLF**

I, David J. Woolf, have personal knowledge of the facts set forth within this declaration, and am competent to testify to the matters stated therein.

1. I am an attorney at Drinker Biddle & Reath LLP, the firm representing the Defendant in the above-captioned matter.

2. Attached hereto as Exhibit 1 is a true and correct copy of the Complaint that was served on Defendant Philadelphia Coca-Cola Bottling Company ("Philadelphia Coca-Cola") in this matter.

3. Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the transcript of the deposition of Plaintiff Jose Cabral, which was taken on November 20, 2002.

4. Attached hereto as Exhibit 3 is a true and correct copy of the Collective Bargaining Agreement between Teamsters Local Union No. 676 and Philadelphia Coca-Cola, effective April 15, 1998.

5. Attached hereto as Exhibit 4 is a true and correct copy of excerpts from the transcript of the deposition of Tracee Hunt, which was taken on November 12, 2002.

6. Attached hereto as Exhibit 5 is a true and correct copy of excerpts from the transcript of the deposition of Lou Fonseca, which was taken on November 12, 2002.

7. Attached hereto as Exhibit 6 is a true and correct copy of the Charge of Discrimination that was served on Philadelphia Coca-Cola by the United States Equal Employment Opportunity Commission.

8. Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the transcript of the deposition of Joseph Ortlieb, which was taken on November 7, 2002.

9. Attached hereto as Exhibit 8 is a true and correct copy of excerpts from the transcript of the deposition of Richard Andrilli, which was taken on November 19, 2002.

10. Attached hereto as Exhibit 9 is a true and correct copy of the note from Dr. Jose N. DeCardona that Plaintiff Jose Cabral submitted to Philadelphia Coca-Cola in late May or early June 2001.

Executed this _____ day of January, 2003,

_____
David J. Woolf

# IN THE UNITED STATES COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE CABRAL, | : |
| Plaintiff | : |
| v. | : Civil Action No. 02-cv-2806 |
| THE PHILADELPHIA COCA-COLA BOTTLING COMPANY, | : |
| Defendant. | : |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant The Philadelphia Coca-Cola Bottling Company ("Philadelphia Coca-Cola"), by undersigned counsel, hereby moves for summary judgment as to Plaintiff Jose Cabral's claims of unlawful discrimination and retaliation, which he has asserted under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

As set forth more fully in the accompanying Memorandum, summary judgment should be granted as to Mr. Cabral's claims because he cannot establish that a hostile work environment existed at Philadelphia Coca-Cola. Additionally, he cannot establish even a prima facie case of national origin discrimination or retaliation. Even assuming Mr. Cabral could establish a prima facie case of discrimination or retaliation, Philadelphia Coca-Cola has articulated legitimate, non-discriminatory reasons for all the employment decisions Mr. Cabral seeks to challenge, and Mr. Cabral has not adduced any evidence capable of establishing that any of those reasons are lies intended to cover up a discriminatory and/or retaliatory motive.

Accordingly, for the reasons set forth in the accompanying Memorandum, and based on the undisputed material facts as established by the exhibits and deposition testimony that accompany this Motion, Defendant Philadelphia Coca-Cola respectfully requests that the Court grant its Motion for Summary Judgment and dismiss this case in its entirety, with prejudice.

A proposed Order is attached.

Dated: January ___, 2003         Respectfully submitted,


_____
Gerald S. Hartman, Esq.
Gregory W. Homer, Esq., I.D. No. 58710
David J. Woolf, Esq., I.D. No. 76484
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia PA  19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

Attorneys for Defendant
Philadelphia Coca-Cola Bottling Company

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CABRAL, | : | |
|     Plaintiff | : | |
| v. | : | Civil Action No. 02-cv-2806 |
| THE PHILADELPHIA COCA-COLA BOTTLING COMPANY, | : | |
|     Defendant. | : | |

## **ORDER**

THIS MATTER having been brought before the Court of the motion of Defendant The Philadelphia Coca-Cola Bottling Company for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting Defendant summary judgment and dismissing Plaintiff's Complaint with prejudice; and the Court having considered all papers filed in support of, and in opposition to, the motion and any oral argument of counsel;

IT IS ON THIS _____ day of _____, 2003 ORDERED that Defendant's Motion is GRANTED, that the Complaint is dismissed with prejudice, and that judgment is entered in favor of Defendant and against Plaintiff on both Counts of the Complaint.

_____
John R. Padova, U.S.D.J.

## CERTIFICATE OF SERVICE

I, David J. Woolf, hereby certify that a true and correct copy of the foregoing Defendant's Motion for Summary Judgment, Memorandum of Law in Support Thereof, Certification of Gregory Homer and Proposed Order were served upon counsel for Plaintiff, via hand delivery, as follows:

>Robert T. Vance, Jr., Esq.
>Law Offices of Robert T. Vance, Jr.
>1616 Walnut St., Suite 705
>Philadelphia, PA  19103
>
>Roseann E. Weisblatt, Esq.
>Mark C. Rifkin, Esq.
>Feldman & Rifkin LLP
>101 Greenwood Ave., Suite 230
>Jenkintown, PA  19046

Dated:  January ___, 2003            _____
                                     David J. Woolf