IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE CABRAL, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : Civil Action No. 02-cv-2806 |
| | : |
| THE PHILADELPHIA | : |
| COCA-COLA BOTTLING COMPANY, | : |
| | : |
| Defendant. | : |

**DEFENDANT THE PHILADELPHIA COCA-COLA BOTTLING COMPANY'S
BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE*
TO EXCLUDE IRRELEVANT EVIDENCE**

Defendant The Philadelphia Coca-Cola Bottling Company hereby submits this Memorandum in Support of its Motion *in Limine* to Exclude Irrelevant Evidence. As shown below, the following evidence should be excluded because it is irrelevant to the issues raised by Plaintiff's claims:

1. Evidence relating to Plaintiff's daily route assignments;

2. Evidence relating to statements about Martin Luther King, Jr. and the Martin Luther King, Jr. holiday allegedly made by Joe Ortlieb;

3. Evidence relating to discriminatory statements allegedly made by Plaintiff's co-workers;

4. Evidence relating to Defendant's alleged decision not to hire certain Hispanic applicants;

5. Evidence relating to the termination of Jose Nieves;

6. Evidence relating to Plaintiff's relationship with Joe Ortlieb at a previous employer; and

7. Defendant's Forms EEO-1 for 2000, 2001, and 2002 (the "EEO-1 Reports") and Affirmative Action Plan for Women and Minorities ("AAP") for Plan Year January 1, 2001 – December 31, 2001, and testimony relating to Defendant's AAP.

I.      **STATEMENT OF FACTS**

This is an employment discrimination case in which the Plaintiff claims that Defendant discriminated against him because he is Hispanic by allegedly denying him overtime shifts and creating or allowing a hostile work environment.[1] In addition, Plaintiff alleges Defendant retaliated against him for filing a charge with the Equal Employment Opportunity Commission ("EEOC") by suspending him after he submitted a falsified doctor's note to explain an absence.

Plaintiff is a Hispanic male who was and currently is employed by Defendant as a transport driver at Defendant's Moorestown plant. In support of his disparate treatment claim, Plaintiff alleges that he and the other Hispanic transport driver were denied the opportunity to work weekend shifts. With respect to his hostile work environment claim, Plaintiff alleges that Defendant created or allowed a hostile work environment for Hispanics based on, among other things, the following evidence: Plaintiff's supervisor, Joe Ortlieb, allegedly made insensitive comments regarding Martin Luther King, Jr. and the Martin Luther King, Jr. holiday[2]; Plaintiff's co-workers allegedly made discriminatory comments to Plaintiff[3]; Defendant decided not to hire certain Hispanic applicants, some of whom were referred by Plaintiff; Defendant terminated Jose Nieves, a Hispanic employee at the Moorestown plant; and Mr. Ortlieb allegedly discriminated

---

[1]     Plaintiff's Complaint originally stated a claim for disparate treatment arising out of Defendant's alleged denial of the Marmora Route assignment to Plaintiff. However, the Court granted Defendant's Motion for Summary Judgment with respect to this claim in its March 18, 2003 Memorandum.

[2]     Specifically, with respect to the Martin Luther King, Jr. holiday, Plaintiff contends that Mr. Ortlieb stated that the workers at the plant already had too many holidays. Plaintiff further alleges that Mr. Ortlieb asked Plaintiff who Martin Luther King, Jr. was.

[3]     According to Plaintiff, the alleged racially insensitive comments by Plaintiff's co-workers included statements that Plaintiff and other minorities should earn less than Caucasian employees.

against Plaintiff in the past at a prior place of employment. In addition, Plaintiff appears to be seeking to admit into evidence Defendant's EEO-1 Reports and AAP, as well as testimony regarding the AAP, in support of his claims against Defendant, although it is not clear to which claim Plaintiff believes such evidence would be relevant.

## II.   ARGUMENT

Defendant anticipates that Plaintiff will attempt to admit the evidence described above at trial. As demonstrated below, this evidence is not relevant to Plaintiff's claims that he was subject to disparate treatment and a hostile work environment because he is Hispanic, or his claim that he was retaliated against for filing an EEOC charge. Accordingly, the Court should exclude this evidence at trial.

### A.   Evidence of Mr. Ortlieb's Statements Regarding Martin Luther King, Jr. Is Irrelevant to Plaintiff's Claims and Inadmissible Under Federal Rules of Evidence 401 and 402.

Mr. Ortlieb's statements relating to Martin Luther King, Jr. are entirely irrelevant to Plaintiff's claim that he was subjected to a hostile work environment due to the fact that he is Hispanic. Pursuant to Federal Rule of Evidence 402, only evidence that is relevant is admissible. Evidence is relevant if it tends to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without that evidence. Fed. R. Evid. 401. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." *Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992) (*quoting* Fed. R. Evid. 401 advisory committee's note).

Plaintiff's Complaint alleged that Defendant violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 by discriminating against him on the basis of his national origin, and

by retaliating against him for filing a charge with the EEOC. The Court granted Defendant's Motion for Summary Judgment with respect to Plaintiff's claim that Defendant engaged in disparate treatment based upon Defendant's alleged denial of Plaintiff's preferred driving route, and denied Defendant's Motion with respect to Plaintiff's claims alleging a hostile work environment; retaliation; and disparate treatment based upon Defendant's alleged denial of overtime pay. *See* March 18, 2003 Memorandum. The alleged comments regarding Martin Luther King, Jr., which Defendant anticipates Plaintiff will seek to admit at trial, were made prior to the time Plaintiff filed his charge with the EEOC and have no relation to Plaintiff's receipt of or failure to receive overtime pay. Accordingly, the only way in which these comments could possibly be relevant is in proving Plaintiff's claim that he was subjected to a hostile work environment.

However, Mr. Ortlieb's alleged remarks about Martin Luther King, Jr., an African-American, are in no way relevant to Plaintiff's allegation that he was subject to a hostile work environment because he is Hispanic. "[A] plaintiff who is alleging one 'type' of hostile work environment discrimination may not generally use evidence of other 'types' of discrimination to support his claim." *Sidari v. Orleans County*, No. 95-CV-7250, 2000 U.S. Dist. LEXIS 15126, at *9-10 (W.D.N.Y. Oct. 3, 2000).[4] For example, this Court had held that evidence of gender discrimination was not relevant to a plaintiff's claim that he was discriminated against based on

---

[4]   *See also Stahl v. Sun Microsystems, Inc.*, 19 F.3d 533, 539 (10th Cir. 1994) (finding no abuse of discretion in the district court's exclusion of evidence that would be relevant to a Title VII claim based on *quid pro quo* sexual harassment where the plaintiff had alleged only sex discrimination and hostile work environment claims under Title VII); *Rivera v. Baccarat, Inc.*, No. 95 Civ. 9478 (MBM) (JCF), 1997 U.S. Dist. LEXIS 19911, at *4-5 (S.D.N.Y. Dec. 12, 1997) (holding the plaintiff could not admit evidence of sex discrimination to "demonstrate that a general attitude of discrimination pervaded [the defendant's workplace]" in support of her national origin discrimination claim).

his race. *Oaks v. City of Philadelphia*, No. 99-CV-2854, 2002 U.S. Dist. LEXIS 12151, at *21 (E.D. Pa. Apr. 30, 2002), *aff'd*, No. 02-2772, 2003 U.S. App. LEXIS 4907 (3d Cir. Mar. 17, 2003) (*citing Simonetti v. Runyon*, No. 98-2128, 2000 U.S. Dist. LEXIS 11407, at *6 (D. N.J. Aug. 7, 2000), *aff'd sub nom., Simonetti v. Postmaster Gen. of the United States*, 276 F.3d 579 (3d Cir. 2001)).

In considering whether a plaintiff had proved a hostile work environment claim on the basis of his sex, the Supreme Court in *Oncale v. Sundowner Offshore Servs., Inc.* held that

> 'the critical issue … is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.' … the plaintiff … must always prove that the conduct at issue . . . actually constituted '*discrimination* … because of … sex.'

523 U.S. 75, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998) (citations omitted) (emphasis in original). Similarly, Plaintiff in the instant case must prove that Defendant exposed him to disadvantageous terms or conditions of employment to which it did not subject non-Hispanics, and that Defendant's conduct actually constituted discrimination because of *his* national origin. Mr. Ortlieb's alleged statements relating to Martin Luther King, Jr. in no way suggest that Defendant treated Plaintiff differently because he is Hispanic, do not reflect his attitude or actions toward Hispanics, and, therefore, cannot possibly be relevant to the issue of whether Plaintiff was subject to a hostile work environment on the basis that he is Hispanic. Whether these statements might be relevant to a determination of whether a hostile work environment existed for African-Americans is, in itself, highly questionable since Mr. Ortlieb allegedly made the statements to Plaintiff, who is not African-American. Further, there is no evidence that Mr. Ortlieb, or any other employee of Defendant, ever equated Hispanics with African-Americans. *See Sidari*, 2000 U.S. Dist. LEXIS 15126, at *9-10 (admitting evidence of race discrimination against African-Americans in support of the Italian-American plaintiff's national origin discrimination claims

where the defendants had made statements equating Italians and African-Americans, but holding it was error to admit evidence of sex discrimination in support of a national origin discrimination claim). Since Mr. Ortlieb's statements regarding Martin Luther King, Jr. do not tend to make it more likely that Defendant created or allowed a work environment hostile to Hispanics, this evidence must be excluded under Rules 401 and 402.

**B.       Evidence Relating to Plaintiff's Route Assignments Is Irrelevant and Inadmissible Under this Court's Prior Summary Judgment Ruling.**

Plaintiff apparently intends to introduce the testimony of three witnesses to discuss evidence relating to route assignments. *See* Plaintiff's Pretrial Memorandum Pursuant to Local Rule of Civil Procedure 16.1(c) and the Amended Pretrial Scheduling Order Dated March 19, 2003, at 7-8. Specifically, Plaintiff states that he will seek to introduce testimony regarding route assignments from himself, Mr. Ortlieb, and Richard Andrilli. *Id.* This Court has already held that evidence regarding Plaintiff's route assignments is insufficient to establish a claim of disparate treatment. *See* Mar. 18, 2003 Mem. at 4-8 (granting summary judgment for Defendant as to Plaintiff's disparate treatment claim based on route assignments). Nor is such evidence relevant to Plaintiff's retaliation claim, which is based on Defendant's suspension of Plaintiff for providing Defendant with a falsified doctor's note. Pl.'s Pretrial Mem. at 4.

In addition, the assignment of routes is equally irrelevant to Plaintiff's hostile work environment claim. As this Court held, Defendant's failure to assign him to the Marmora route more frequently is not a tangible adverse employment action. Mar. 18, 2003 Mem. at 6-8. Thus, in asserting that Defendant failed to assign he or "other minority employees"[5] to the Marmora

---

[5]       Defendant notes that to the extent that Plaintiff's evidence suggests that non-Hispanic minority employees were denied the Marmora route assignment, such evidence would be inadmissible for the reasons set forth in Section II.A., *supra*.

route on a more frequent basis,[6] Plaintiff still does not allege that Defendant subjected him or other minorities to any adverse employment action that would create a hostile work environment. Since this testimony would not in any way suggest that Plaintiff, or any other employee, was subject to intentional discrimination because of being Hispanic, it does not support any element of Plaintiff's hostile work environment claim and must be excluded.[7]

### C. Evidence of Plaintiff's Co-Workers' Allegedly Racially Insensitive Comments and Jokes Is Irrelevant and Inadmissible Under this Court's Prior Summary Judgment Ruling.

Plaintiff suggests that certain allegedly racist jokes and statements about African-Americans and Hispanics made by his co-workers support his claim that he was subjected to a hostile work environment. *See* Pl.'s Pretrial Mem. at 5. Specifically, Plaintiff references three co-workers who allegedly made such statements and/or jokes: Paul Arachow, Walter Lesinski, and Mike Schafte. *Id.* However, this Court has already held that evidence of such statements is irrelevant to Plaintiff's hostile work environment claim. *See* Mar. 18, 2003 Mem. at 22-23 n. 12.

> Plaintiff also asserts that numerous co-workers made racially insensitive comments …. Plaintiff, however never complained about any of these co-worker statements to Defendant, and there is no evidence that Defendant failed to provide avenues for such complaints to be made. Plaintiff has also failed to present any evidence that these comments were made so regularly that Defendant's management must have had independent knowledge of them…. Thus, Plaintiff cannot establish respondeat superior liability of Defendant with respect to these comments, and they are not relevant to his hostile work environment claim.

---

[6] *See* Mar. 18, 2003 Mem. at 26.

[7] The elements of a national origin hostile work environment claim are: (1) intentional discrimination on the basis of national origin; (2) pervasive and regular discrimination; (3) detrimental effect on the plaintiff; (4) detrimental effect on a reasonable person of the same national origin in the same position; and (5) respondeat superior liability. *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir. 1999) (citation omitted).

*Id.* Since the alleged comments or jokes of Plaintiff's co-workers cannot possibly be relevant to his claims that Defendant denied him overtime or retaliated against him, they are wholly irrelevant to this action and, accordingly, should be excluded at trial.

### D. Evidence That Defendant Decided Not to Hire Certain Hispanic Applicants Is Irrelevant and Inadmissible Under this Court's Prior Summary Judgment Ruling.

This Court has already held that Defendant's alleged decision not to hire certain Hispanic applicants, some of whom were referred to Defendant by Plaintiff, is completely unrelated to Plaintiff's work environment. *See* Mar. 18, 2003 Mem. at 24-25. As the Court noted, there is simply no nexus between any discrimination allegedly suffered by the applicants and that allegedly suffered by Plaintiff. *Id.* Further, the fact that Defendant did not hire certain Hispanic applicants is entirely irrelevant to Plaintiff's claim that he was denied overtime on a discriminatory basis and to his claim that he was retaliated against after filing an EEOC charge against Defendant. Accordingly, as evidence of Defendant's not hiring certain Hispanic applicants is irrelevant to any of Plaintiff's remaining claims, it must be excluded.

### E. Evidence Relating to the Termination of Jose Nieves Is Irrelevant and Inadmissible Under this Court's Prior Summary Judgment Ruling.

As this Court held in its March 18th Memorandum, evidence of the termination of Jose Nieves is irrelevant to Plaintiff's hostile work environment claim. *See* Mar. 18, 2003 Mem. at 25. In explaining its holding, the Court noted that Plaintiff had never spoken with Mr. Nieves, rarely saw him at work, found out Mr. Nieves had been terminated from third parties, and never heard why Mr. Nieves had been terminated. *Id.* Thus, this evidence in no way suggests that Mr. Nieves' termination had any effect on Plaintiff, nor does it explain how Defendant allegedly created a hostile work environment for Plaintiff on the basis of his national origin. *Id.* at 23, 25. Further, evidence of Mr. Nieves' termination is completely irrelevant to the remaining issues of

whether Plaintiff was subject to disparate treatment by being denied overtime or was retaliated against for filing a claim with the EEOC. In fact, this evidence does not tend to show that Mr. Nieves' termination in any way affected or altered Plaintiff's terms and conditions of employment. *Id.* at 23. Accordingly, all evidence of Mr. Nieves termination is irrelevant and must be excluded.

> **F.  Evidence Regarding Mr. Ortlieb's Alleged Treatment of Plaintiff At A Previous Employer Is Irrelevant and Inadmissible Pursuant to Federal Rule of Evidence 404(b).**

Plaintiff suggests that evidence that Mr. Ortlieb discriminated against him while both were employed by Atlantic Systems Transport ("Atlantic") supports his hostile work environment claim against Defendant. Pursuant to Federal Rule of Evidence 404(b),

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Thus, while evidence of alleged past acts of harassment may be admitted to prove discriminatory intent in limited situations, "alleged previous harassment cannot be used to show that a defendant harassed a plaintiff on a specific subsequent occasion." *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002). Further, where a defendant employer had no knowledge of the alleged previous harassment, testimony regarding such alleged prior acts is inadmissible to prove the employer's discriminatory intent. *Id.* In addition, where the alleged prior acts occurred outside of the defendant employer's workplace, they are irrelevant to a plaintiff's hostile work environment claim against his or her employer. *Id.*

Like in *Wilson*, Plaintiff seeks to admit evidence that Mr. Ortlieb allegedly treated him in a discriminatory manner on prior occasions when they both were employed by another company (Atlantic). This evidence relates to alleged conduct that occurred entirely outside of Defendant's

premises, and long before Plaintiff or Mr. Ortlieb were employed by Defendant. Accordingly, Plaintiff's evidence regarding alleged prior discriminatory treatment by Mr. Ortlieb is irrelevant to his claims against Defendant and, therefore, inadmissible.

### G. Evidence of Defendant's AAP and EEO-1 Reports Is Irrelevant and Inadmissible.

Plaintiff states that he intends to call Tracee L. Hunt to testify regarding Defendant's AAP, and also will seek to admit Defendant's AAP and Defendant's EEO-1 Reports. *See* Pl.'s Pretrial Mem. at 9-10. Tellingly, nowhere in Plaintiff's Pretrial Memorandum does Plaintiff explain or suggest how Defendant's AAP or EEO-1 Reports are relevant to any of his remaining claims. Neither of these documents contain any information relating to overtime assignments, granting of vacation requests, or employee suspensions. The information contained in the AAP and EEO-1 Reports has no tendency to prove that Defendant engaged in disparate treatment of Plaintiff based on his national origin, nor that it took retaliatory actions against him. Defendant's plans regarding hiring and the ethnic make-up of its workforce provide no evidence with respect to whether Plaintiff was subject to intentional discrimination on a pervasive or regular basis. As this Court previously held, evidence relating to Defendant's hiring of or decision not to hire Hispanics will not support Plaintiff's hostile work environment claim. *See* Section II.D *supra* (*citing* Mar. 18, 2003 Mem. at 24-25). Accordingly, the Court should exclude Defendant's AAP and EEO-1 Reports, as well as any attempt to elicit testimony from Ms. Hunt regarding the AAP.

**III.    CONCLUSION**

    For the above-stated reasons, Defendant respectfully requests that this Court issue an order excluding the aforementioned evidence on the grounds that the evidence is not relevant to any of the issues to be tried in this case.

Dated: April 7, 2003

                                    Respectfully submitted,

                                    _____
                                  Gerald S. Hartman
                                  Gregory W. Homer, I.D. No. 58710
                                  Drinker Biddle & Reath LLP
                                  1500 K Street
                                  Suite 1100
                                  Washington, DC 20005
                                  202.842.8800

                                  David J. Woolf, I.D. No. 76484
                                  Drinker Biddle & Reath LLP
                                  One Logan Square
                                  18th & Cherry Streets
                                  Philadelphia, PA 19103-6996
                                  215.988.2700

                                  Attorneys for The Philadelphia Coca-Cola
                                  Bottling Company

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE CABRAL, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : Civil Action No. 02-cv-2806 |
| | : |
| THE PHILADELPHIA | : |
| COCA-COLA BOTTLING COMPANY, | : |
| | : |
| Defendant. | : |

**ORDER**

AND NOW, this _____ day of April, 2003, upon review of Defendant The Philadelphia Coca-Cola Bottling Company's Motion *in Limine* to Exclude Irrelevant Evidence, it is hereby ORDERED that Defendant's Motion is GRANTED and that the following evidence is excluded as inadmissible:

1. Evidence relating to Plaintiff's daily route assignments;

2. Evidence relating to statements about Martin Luther King, Jr. and the Martin Luther King, Jr. holiday allegedly made by Joe Ortlieb;

3. Evidence relating to discriminatory statements allegedly made by Plaintiff's co-workers;

4. Evidence relating to Defendant's alleged decision not to hire certain Hispanic applicants;

5. Evidence relating to the termination of Jose Nieves;

6. Evidence relating to Plaintiff's relationship with Joe Ortlieb at a previous employer; and

7. Defendant's Forms EEO-1 for 2000, 2001, and 2002 and Affirmative Action Plan for Women and Minorities ("AAP") for Plan Year January 1, 2001—December 31, 2001, and testimony relating to Defendant's AAP.

_____
Judge John R. Padova, Jr.

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE CABRAL, | : |
| Plaintiff | : |
| v. | : Civil Action No. 02-cv-2806 |
| THE PHILADELPHIA COCA-COLA BOTTLING COMPANY, | : |
| Defendant. | : |

**DEFENDANT THE PHILADELPHIA COCA-COLA BOTTLING COMPANY'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT EVIDENCE**

Defendant The Philadelphia Coca-Cola Bottling Company ("Defendant"), pursuant to Federal Rules of Evidence 401, 402 and 404(b), hereby submits the instant Motion *in Limine*, requesting that this Court exclude the following items of irrelevant evidence that Defendant anticipates Plaintiff will attempt to admit at trial:

1. Evidence relating to Plaintiff's route assignments;

2. Evidence relating to statements about Martin Luther King, Jr. and the Martin Luther King, Jr. holiday allegedly made by Joe Ortlieb;

3. Evidence relating to discriminatory statements allegedly made by Plaintiff's co-workers;

4. Evidence relating to Defendant's decision not to hire certain Hispanic applicants;

5. Evidence relating to the termination of Jose Nieves;

6. Evidence relating to Plaintiff's relationship with Joe Ortlieb at a previous employer; and

7. Defendant's Forms EEO-1 for 2000, 2001, and 2002 and Affirmative Action Plan for Women and Minorities ("AAP") for Plan Year January 1, 2001—December 31, 2001, and testimony relating to Defendant's AAP.

DC\377109\2

In support of this Motion, Defendant respectfully refers this Court to the Memorandum of Law filed concurrently herewith.

WHEREFORE, Defendant respectfully requests that his Motion *in Limine* be granted, and that this Court enter an Order excluding all of the irrelevant evidence enumerated in Defendant's accompanying Memorandum of Law.

Dated: April 7, 2003

> Respectfully submitted,
>
> _____
> Gerald S. Hartman
> Gregory W. Homer, I.D. No. 58710
> Drinker Biddle & Reath LLP
> 1500 K Street
> Suite 1100
> Washington, DC 20005
> 202.842.8800
>
> David J. Woolf, I.D. No. 76484
> Drinker Biddle & Reath LLP
> One Logan Square
> 18th & Cherry Streets
> Philadelphia, PA 19103-6996
> 215.988.2700
>
> Attorneys for The Philadelphia Coca-Cola Bottling Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2003, a copy of Defendant Philadelphia Coca-Cola Bottling Company's Motion to Exclude Irrelevant Evidence and accompanying Memorandum of Law was served upon the following attorneys for the Plaintiff:

By hand:

> Robert T. Vance, Jr., Esq.
> 1616 Walnut Street, Suite 709
> Philadelphia, PA 19103

By first class mail, postage prepaid:

> Roseann E. Weisblatt, Esq.
> Feldman & Rifkin LLP
> 101 Greenwood Avenue, Suite 230
> Jenkintown, PA 19046

_____
David J. Woolf